IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MINA ELIZABETH HEMMY JOINTLY WITH MARK ANTHONY DIAZ AS EXECUTOR(S) AND BENEFICIARY OF A CONSTRUCTIVE TRUST,<br><br>              Plaintiffs,<br><br>       vs.<br><br>A-1 AUTO SALES, A-1 ACCEPTANCE CORPORATION CONSISTING OF CALVIN COHEN AS THE TRUSTEE,<br><br>              Defendant. | CIVIL NO. 15-00432 DKW RLP<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On October 19, 2015, Plaintiffs pro se Mina Elizabeth Hemmy and Mark Anthony Diaz filed a Complaint, Ex Parte Motion for Temporary Restraining Order ("TRO") and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").   The Complaint sought an affirmative injunction compelling Defendant A-1 Auto Sales and/or A-1 Acceptance Company to transfer an automobile title to Plaintiffs based on Plaintiffs' assertion that they have fully

satisfied the balance owing.   In its October 20, 2015 Order, the Court dismissed the

Complaint with limited leave to amend, denied the Ex Parte Motion for a TRO, and

denied the Application as moot.   *See* Dkt. No. 6.   The Court granted Plaintiffs until

November 13, 2015 to file an amended complaint, but as of the date of this order,

Plaintiffs have failed to do so.   Because Plaintiffs failed to comply with the Court's

order, this action is dismissed without prejudice

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to

*sua sponte* dismiss actions for failure to prosecute or for failure to comply with court

orders.   *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629-31 (1962) ("The power to

invoke this sanction is necessary in order to prevent undue delays in the disposition

of pending cases and to avoid congestion in the calendars of the District Courts.").

The Court has discretion to dismiss a plaintiff's action for failure to comply with an

order requiring him to file an amended pleading within a specified time period.

*Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).   Before dismissing an

action for failure to prosecute, the Court must weigh: "(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to defendants/respondents; (4) the availability of less drastic

alternatives; and (5) the public policy favoring disposition of cases on their merits."

*Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.

Plaintiffs are proceeding pro se, and, therefore, the Court liberally construes their pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

The Court's October 20, 2015 Order was clear:

> As result of the Court's dismissal of the Complaint for lack of subject matter jurisdiction, Plaintiffs' Application to Proceed In District Court Without Prepaying Fees or Costs is DENIED as moot.
>
>         . . .
>
> Because amendment may be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by November 13, 2015.   This Order limits Plaintiffs to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.   New or different theories, causes of action, or additional parties are not permitted.
>
> If Plaintiffs choose to file an amended complaint, they are CAUTIONED that they must clearly identify the basis for this Court's subject matter jurisdiction.   Plaintiffs should also clearly allege the following: (1) the constitutional or statutory right Plaintiffs believe was violated; (2) the name of the

defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiffs' rights; and (5) what specific injury Plaintiffs suffered because of that defendant's conduct.   *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).   Plaintiffs must repeat this process for each person or entity named as a defendant.   If Plaintiffs fail to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiffs are CAUTIONED that if they elect to file an amended complaint, they must pay the statutory filing fee or submit a fully executed application to proceed without prepayment of fees or costs.

Based upon the foregoing, Plaintiffs' Ex Parte Motion for TRO is DENIED, the Complaint is DISMISSED with limited leave to amend, and the Application is DENIED as moot.   Plaintiffs are granted leave to file an amended complaint no later than **November 13, 2015**.   The Court cautions Plaintiffs that failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees, by **November 13, 2015** will result in the automatic dismissal of this action.

October 20, 2015 Order at 17-18.   The Court unambiguously advised Plaintiffs that

they must file an amended complaint by November 13, 2015, or risk dismissal of the

action.   Plaintiffs' failure to do so hinders the Court's ability to move this case

forward and indicates that Plaintiffs do not intend to litigate this action diligently.

*See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's

interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Plaintiffs offer no excuse or explanation for their failure to file an amended complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have failed to discharge their responsibility to prosecute this action despite the Court's express warning about the possibility of dismissal in the October 20, 2015 Order. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiffs' failure to file an amended complaint, pay the filing fee or submit an application to proceed without prepayment of fees.

The Court attempted to avoid outright dismissal of this action by granting Plaintiffs until November 13, 2015 to file an amended complaint establishing this Court's jurisdiction.   *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not appropriate given Plaintiffs' failure to meaningfully participate in their own litigation.   Under the present circumstances, the Court believes that less drastic alternatives are not appropriate.   The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.   However, because four factors favor dismissal, this factor is outweighed.

## CONCLUSION

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED:   November 18, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Mina Hemmy, et al. v. A-1 Auto Sales ;* CV 15-00432 DKW-RLP; **ORDER DISMISING CASE**

6